# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PRO SLAB, INC., BREMER CONSTRUCTION MANAGEMENT, INC., and FORREST CONCRETE, LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ARGOS USA LLC, ARGOS READY MIX LLC, LAFARGE NORTH AMERICA INC., COASTAL CONCRETE SOUTHEAST II, LLC, THOMAS CONCRETE, INC., THOMAS CONCRETE OF SOUTH CAROLINA, INC., EVANS CONCRETE, LLC, ELITE CONCRETE, LLC,<br><br>    Defendants. | Case No. 2:17-cv-03185-BHH |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH LAFARGE NORTH AMERICA, INC. AND FINAL JUDGMENT

WHEREAS, Pro Slab, Inc., Bremer Construction Management, Inc., and Michelle L. Vieira, Trustee of Forrest Concrete, LLC (collectively, "Plaintiffs"), by Settlement Class Counsel, and Defendant Lafarge North America, Inc. ("Lafarge"), by counsel, entered into the "Settlement Agreement with Lafarge North America, Inc., dated April 14, 2025 ("Settlement"); and

WHEREAS, the Plaintiffs moved pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for an order certifying a Class for settlement purposes, preliminarily approving the proposed Settlement, and preliminarily approving the form and plan of notice as set forth in the Settlement;

WHEREAS, on May 23, 2025, pursuant to 28 U.S.C. § 1715, Lafarge notified the United States Attorney General and the Attorneys General of Alaska, Alabama, Arkansas, Arizona,

23305166.4

California, Colorado, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands of the proposed Settlement, and more than 90 days have passed since that notice was given and the entry of this Order;

WHEREAS, on June 5, 2025, the Court conditionally ordered that this Action may be settled as a class action on behalf of the following class (the "Settlement Class"):

> All persons or entities who purchased Ready-Mix Concrete during the Class Period directly from one of Defendants' Subject Plants, but excluding Defendants and their employees, Defendants' respective parents, subsidiaries, and affiliates, and government entities.

WHEREAS, the "Subject Plants" are identified in the Settlement Agreement at ¶17, and the Class Period is defined in the Settlement Agreement at ¶5 as the period from and including January 1, 2010, to July 31, 2016.

WHEREAS, on June 5, 2025, the Court entered an order certifying the Settlement Class for purposes of settlement, preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, approving and directing the form and manner of notice of the Settlement to be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Settlement and the Preliminary Approval Order: (1) Class Counsel caused the Notice of Class Action Settlement and Hearing in the form attached to the Settlement as Exhibit "A" ("Long Form Notice") to be mailed by United States First Class

- 3 -

Mail to all known members of the Settlement Class for whom an address is available on July 3, 2025; and (2) Class Counsel caused the Summary Notice in the form attached to the Settlement as Exhibit "B" to be published in the newspapers listed below on the corresponding dates:

| *The Beaufort Gazette* | June 29, 2025 and July 6, 2025 |
| --- | --- |
| *The Island Packet* (Hilton Head Island) | June 29, 2025 and July 6, 2025 |
| *The Post and Courier* (Charleston) | June 29, 2025 and July 6, 2025 |
| *The Press & Standard* (Walterboro) | July 3, 2025 and July 10, 2025 |
| *The Coastal Courier* (Hinesville) | July 3, 2025 and July 10, 2025 |
| *The Savannah Morning News* | June 30, 2025 and July 7, 2025 |
| *The Sylvania Times* | July 2, 2025 and July 9, 2025 |
| *The Forest Blade* (Swainsboro) | July 2, 2025 and July 9, 2025 |
| *The Metter Advertiser* | July 2, 2025 and July 9, 2025 |
| *The Millen News* | July 2, 2025 and July 9, 2025 |
| *The Claxton Enterprise* | July 2, 2025 and July 9, 2025 |
| *The Statesboro Herald.* | July 3, 2025 and July 10, 2025 |

WHEREAS, the Affidavit of Notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the Mailed Notice, Published Notice, Settlement Website, press release, and community outreach, and that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on September 16, 2025, at 10:00 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class (the "Fairness Hearing"); and

23305166.4

- 4 -

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Plaintiffs and Lafarge, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records and proceedings in the Action, the benefits to the Settlement Class under the Settlement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the "Settlement Agreement with Lafarge North America, Inc."

2. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendants in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Lafarge and its counsel, and the Settlement Class were represented by capable and experienced counsel.

6. The form, content, and method of dissemination of the notice given to members of the Settlement Class, including both published notice and individual notice to all members of the Settlement Class who could be identified through reasonable effort, were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and due process.

- 5 -

7.     The Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and is approved in all respects. The Court hereby directs the Plaintiffs, the Settlement Class, Class Counsel, Lafarge, Lafarge counsel, the Releasors, and Released Parties to effectuate the Settlement according to its terms.

8.     The certification of the Settlement Class, under Rules 23(a), (b)(3), and (e), for purposes of effectuating the Settlement, is hereby confirmed.

9.     Upon the Effective Date of the Settlement, in consideration of payment of the Settlement Amount as specified in this Agreement, the mutual promises and commitments contained herein, and for other good and valuable consideration, the Released Parties, and each of them, shall be completely released, acquitted, and forever discharged by Releasors from any and all claims, demands, actions, suits, and causes of action at law or in equity, or pursuant to statute, whether known or unknown, whether fraudulently concealed or otherwise concealed, or whether the damages or injury have fully accrued or will accrue in the future, whether class, individual or otherwise in nature, that Releasors, or any of them, ever had, now have, or hereafter can, shall, or may have on account of, or related to, or arising out of or resulting from conduct, including but not limited to any conduct or action or inaction related to or arising out of any alleged conspiracy, combination, or agreement concerning directly or indirectly the pricing, selling, discounting, marketing, manufacturing, distributing, bid or job rigging, customer or market allocation of Ready-Mix Concrete in or from the Subject Plants or any other plants listed in paragraph 218 of the Third Amended Class Action Complaint between January 1, 2010, and December 31, 2018, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Action or any amendment thereto, which arises under any federal or state antitrust or anticompetitive statute, law, rule, regulation, or common law

doctrine, whether pursuant to a conspiracy or otherwise, including, without limitation, the Sherman Antitrust Act, 15 U.S.C.§§ 1, *et seq.,* (collectively herein "Released Claims"), provided, however, that Released Claims (i) shall not include claims not related to the foregoing antitrust or anticompetitive claims, such as claims for personal injury, wrongful death, product defect, or breach of contract claims between buyers and sellers of Ready-Mix Concrete; and (ii) shall not include claims based upon the indirect purchase of Ready-Mix Concrete. The Releasors shall not, after the Effective Date of this Agreement, seek to recover against any of the Released Parties for any of the Released Claims.

10. As to Lafarge but not as to any of the Other Defendants, the claims asserted by the Settlement Class in the above-captioned Action are hereby dismissed with prejudice and, except as provided for in the Settlement, without costs.

11. Any claims against Releasors and their counsel arising out of, relating to or in connection with the Action as against Lafarge are hereby released by the Released Parties and their counsel.

12. Blattner Energy, LLC has timely submitted a valid request for exclusion and is hereby excluded from the settlement class.

13. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Plaintiffs, the Settlement Class, Class Counsel, Lafarge, Lafarge counsel, Releasors, and Released Parties as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

14. Accordingly, the Court hereby grants Plaintiffs' motion for approval of LaFarge Settlement (ECF No. 516) and pursuant to Federal Rule of Civil Procedure 54(b), directs entry of this Final Judgment.

IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

November 12, 2025
Charleston, South Carolina