# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| PRO SLAB, INC., BREMER CONSTRUCTION MANAGEMENT, INC., and FORREST CONCRETE, LLC, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ARGOS USA LLC, ARGOS READY MIX LLC, LAFARGE NORTH AMERICA INC., COASTAL CONCRETE SOUTHEAST II, LLC, THOMAS CONCRETE, INC., THOMAS CONCRETE OF SOUTH CAROLINA, INC., EVANS CONCRETE, LLC, ELITE CONCRETE, LLC,<br><br>    Defendants. | Case No. 2:17-cv-03185-BHH |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF SETTLEMENT WITH THOMAS CONCRETE, INC. AND THOMAS CONCRETE OF SOUTH CAROLINA, INC. AND FINAL JUDGMENT

WHEREAS, Pro Slab, Inc., Bremer Construction Management, Inc., and Michelle L. Vieira, Trustee of Forrest Concrete, LLC (collectively, "Plaintiffs"), by Settlement Class Counsel, and Defendants Thomas Concrete, Inc. and Thomas Concrete of South Carolina, Inc. ("Thomas"), by counsel, entered into the "Settlement Agreement with Thomas Concrete, Inc. and Thomas Concrete of South Carolina, Inc., dated May 30, 2025 ("Settlement"); and

WHEREAS, the Plaintiffs moved pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") for an order certifying a Class for settlement purposes, preliminarily approving the proposed Settlement, and preliminarily approving the form and plan of notice as set forth in the Settlement;

23392708.2

WHEREAS, on July 3, 2025, pursuant to 28 U.S.C. § 1715, Thomas notified the Attorney General of the United States and Attorneys General of Alaska, Alabama, Arkansas, Arizona, California, Colorado, Connecticut, District of Columbia, Delaware, Florida, Georgia, Hawaii, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming, American Samoa, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands of the proposed Settlement, and more than 90 days have passed since that notice was given and the entry of this Order;

WHEREAS, on July 21, 2025, the Court conditionally ordered that this Action may be settled as a class action on behalf of the following class (the "Settlement Class"):

> All persons or entities who purchased Ready-Mix Concrete during the Class Period directly from a Subject Plant, but excluding Defendants and their employees, Defendants' respective parents, subsidiaries, and affiliates, and government entities.

WHEREAS, the "Subject Plants" are identified in the Settlement Agreement at ¶17, and the Class Period is defined in the Settlement Agreement at ¶5 as the period from and including January 1, 2010, to July 31, 2016.

WHEREAS, on July 21, 2025, the Court entered an order certifying the Settlement Class for purposes of settlement, preliminarily approving the Settlement, approving the forms of notice of the Settlement to Class Members, approving and directing the form and manner of notice of the Settlement to be given to Class Members, and scheduling a hearing on final approval (the "Preliminary Approval Order");

WHEREAS, in accordance with the Settlement and the Preliminary Approval Order: (1) Class Counsel caused the Notice of Class Action Settlement and Hearing in the form attached to

- 3 -

the Settlement as Exhibit "A" ("Long Form Notice") to be mailed by United States First Class Mail to all known members of the Settlement Class for whom an address is available on August 20, 2025; and (2) Class Counsel caused the Summary Notice in the form attached to the Settlement as Exhibit "B" to be published in the newspapers listed below on the corresponding dates:

| *The Beaufort Gazette / The Island Packet* (Hilton Head Island) | August 20 and August 27, 2025 |
| --- | --- |
| *The Coastal Courier* (Hinesville) | August 14 and August 21, 2025 |
| *The Post and Courier* (Charleston) | August 20 and 27, 2025 |
| *The Press & Standard* (Walterboro) | August 21 and 28, 2025 |
| *The Savannah Morning News* | August 20 and 27, 2025 |
| *The Sylvania Times* | August 27 and September 3, 2025 |
| *The Forest Blade (Swainsboro)* | August 20 and 27, 2025 |
| *The Metter Advertiser* | August 27 and September 3, 2025 |
| *The Millen News* | August 20 and 27, 2025 |
| *The Claxton Enterprise* | August 20 and 27, 2025 |
| *The Statesboro Herald.* | August 14 and August 21, 2025 |

WHEREAS, the Affidavit of Notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to the Mailed Notice, Published Notice, Settlement Website, press release, and community outreach, and that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on November 3, 2025, at 10:00 a.m., this Court held a hearing on whether the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class (the "Fairness Hearing"); and

- 3 -

23392708.2

- 4 -

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Plaintiffs and Thomas, and of such persons as chose to appear at the Fairness Hearing; having considered all of the files, records, and proceedings in the Action, the benefits to the Settlement Class under the Settlement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises;

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the "Settlement Agreement with Thomas Concrete, Inc. and Thomas Concrete of South Carolina, Inc."

2. This Court has jurisdiction of the subject matter of this Action and jurisdiction of the Plaintiffs and Defendants in the above-captioned case (the "Parties").

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. The Plaintiffs and Class Counsel fairly and adequately represent the interests of the Settlement Class in connection with the Settlement.

5. The Settlement is the product of good faith, arm's-length negotiations by the Plaintiffs and Class Counsel, and Thomas and its counsel, and the Settlement Class were represented by capable and experienced counsel.

6. The form, content, and method of dissemination of the notice given to members of the Settlement Class, including both published notice and individual notice to all members of the Settlement Class who could be identified through reasonable effort, were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rules 23(c) and (e) and due process.

- 5 -

7. The Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class, and is approved in all respects. The Court hereby directs the Plaintiffs, the Settlement Class, Class Counsel, Thomas, Thomas counsel, the Releasors, and Released Parties to effectuate the Settlement according to its terms.

8. The certification of the Settlement Class, under Rules 23(a), (b)(3), and (e), for purposes of effectuating the Settlement, is hereby confirmed.

9. Upon the Effective Date, in consideration of payment of the Settlement Amount as specified in the Settlement Agreement, the mutual promises and commitments contained therein, and for other good and valuable consideration, the Released Parties, and each of them, shall be completely released, acquitted, and forever discharged by Releasors from any and all claims, demands, actions, suits, damages whenever occurred, liabilities of any nature whatsoever (including damages of any kind, penalties, attorneys' fees, and costs) and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, statutory, common, or foreign law that Plaintiffs or any other member of the Settlement Class (a) asserted in the operative Third Amended Class Action Complaint in this Action (ECF No. 246) (the "Complaint"), or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to any potentially anticompetitive conduct (collectively herein "Released Claims"), provided, however, that Released Claims shall not include claims unrelated to the foregoing antitrust or anticompetitive claims, such as claims for personal injury, wrongful death, product defect, or breach of contract claims between buyers and sellers of Ready-Mix Concrete. The Releasors shall not, after the Effective Date of this Agreement, seek to establish liability or recover against any of the Released Parties for any of the Released

23392708.2

- 6 -

Claims, provided, however, that nothing in this Agreement shall limit the right of Plaintiffs and Settlement Class Members to establish the liability of other Defendants for damages based on sales of Ready Mix Concrete by the Settling Defendants.

10. Willie Kittles Concrete Finishing Inc. has timely submitted a valid request for exclusion and is hereby excluded from the settlement class.

11. Upon the Effective Date, for good and valuable consideration, the Released Parties shall be completely released, acquitted, and forever discharged from any and all Released Claims by Releasors against any and all of the Released Parties. The failure of any member of the Settlement Class to opt out by the opt-out date set by the Court or to obtain any payment from the Settlement Fund shall not affect the releases herein. Nor shall the releases be affected in any way by any subsequent determination that the allocation of any payment to the Settlement Class from the Settlement Fund was unfair. Upon the Effective Date, for good and valuable consideration, any claims against Releasors, arising out of, relating to, or in connection with the Action as against the Settling Defendants with respect to the Released Claims are hereby released by the Released Parties. As to Thomas, but not as to any of the Other Defendants, the claims asserted by the Settlement Class in the above-captioned Action are hereby dismissed with prejudice and, except as provided for in the Settlement, without costs. Any claims against Releasors and their counsel arising out of, relating to, or in connection with the Action as against Thomas are hereby released by the Released Parties and their counsel.

12. The Court hereby reserves its exclusive, general, and continuing jurisdiction over the Plaintiffs, the Settlement Class, Class Counsel, Thomas, Thomas counsel, Releasors, and Released Parties as needed or appropriate in order to administer, supervise, implement, interpret,

23392708.2

- 7 -

or enforce the Settlement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

    13.    Accordingly, the Court hereby grants Plaintiffs' motion for approval of Thomas Settlement (ECF No. 534) and pursuant to Federal Rule of Civil Procedure 54(b), directs entry of this Final Judgment.

    IT IS SO ORDERED.

/s/Bruce H. Hendricks
United States District Judge

November 12, 2025
Charleston, South Carolina